[Cite as *State v. Flickinger*, 2024-Ohio-704.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| WAYNE FLICKINGER | : | Case No. CT2023-0069 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. CR2023-0263


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            February 26, 2024


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

RONALD L. WELCH                        APRIL F. CAMPBELL
27 N St. #201                          545 Metro Place South
Zanesville, OH  43701                  Suite 100
                                       Dublin, OH  43017

*King, J.*

{¶ 1} Defendant-Appellant Wayne Flickinger appeals the August 11, 2023 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 26, 2023, the Muskingum County Grand Jury returned an indictment charging Flickinger with three counts of rape pursuant to R.C. 2907.02(A)(2), 2907.02(B). Each count contained a sexually violent offender specification. All three counts involved the same victim and two different time frames.

{¶ 3} On August 9, 2023, following plea negotiations with the state, Flickinger agreed to enter a plea of guilty to count three of the indictment, rape in violation of R.C. 2907.02(A)(2) as amended by the state. In exchange, the state agreed to dismiss the balance of the indictment as well as the sexually violent predator specifications. The parties jointly recommended a minimum sentence of 11 years to be served consecutively to a sentence Flickinger was already serving on an unrelated case. Transcript of sentencing hearing (T.) 3-4. The trial court followed the jointly recommendation of the parties and, imposed a sentence of 11 to 16.5 years incarceration.

{¶ 4} Flickinger filed an appeal and was appointed counsel. Thereafter, Flickinger's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying

anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 5}   By judgment entry filed November 13, 2023, this court noted counsel had filed an *Anders* brief and indicated to the court that he had served Flickinger with the brief. Accordingly, this court notified Flickinger via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Flickinger did not do so.

{¶ 6}   The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 7}   "THE TRIAL COURT ERRED IN ACCEPTING FLICKINGER'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING FLICKINGER."

{¶ 8}   In the proposed assignment of error, counsel suggests Flickinger's plea was not knowingly, intelligently and voluntarily made. Counsel further suggests Flickinger's sentence was contrary to law pursuant to R.C. 2953.08(G)(2). We disagree.

Plea

{¶ 9}   When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474 (1990); *State v. Groves*, 5th Dist. Fairfield Nos. 2019 CA 00032, 2019-Ohio-5025, ¶7.

{¶ 10} Criminal Rule 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

{¶ 11} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering his plea, he waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) compulsory process for obtaining witnesses in his favor; (4) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *Veney*, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id*. at ¶ 31.

{¶ 12} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is

not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13. For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

{¶ 13} We have reviewed the sentencing transcript and find it reflects the trial court's strict compliance with each constitutional notification and its substantial compliance with each non-constitutional notification. Transcript of Sentencing, August 9, 2023 (T.) 5-13.

Sentence

{¶ 14} As to Flickinger's sentence, this court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for

resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 15} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 16} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, rev'd on other grounds, *State v. Morris*, 172 Ohio St.3d 98, 222 N.E.3d 568, 2022-Ohio-4609, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 17} After a proper Crim.R. 11 colloquy, Flickinger pled guilty to a felony of the first degree. T. at 13. Under R.C. 2929.14(A)(1), felonies of the first degree are punishable by "an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code." The trial court sentenced Flickinger to the term agreed upon by Flikinger and the state; 11 to 16.5 years. The sentence is within the statutory range for a first-degree felony. The trial court noted its consideration of the appropriate sentencing factors in its sentencing judgment entry.

{¶ 18} Upon review of the record, we find the trial court properly informed Flickinger of the consequences of his plea, properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed a sentence within the permissible statutory range, and properly imposed post release control. Flickinger's sentence is therefore not clearly and convincingly contrary to law.

## Conclusion

{¶ 19} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 20} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.

{¶ 21} We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 22} The judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By King, J.,

Hoffman, P.J. and

Wise, J. concur.