[Cite as *State v. Watts*, 2024-Ohio-2684.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| LANE WATTS | : | Case No. CT2023-0083 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. CR2023-0166


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        July 15, 2024


APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
27 North Fifth Street
Zanesville, OH 43701

For Defendant-Appellant

APRIL F. CAMPBELL
545 Metro Place South
Suite 100
Dublin, OH 43017

*King, J.*

{¶ 1} Defendant-Appellant, Lane Watts, appeals his October 23, 2023 conviction and sentence from the Court of Common Pleas of Muskingum County, Ohio. Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 8, 2023, the Muskingum County Grand Jury indicted Watts on one count of grand theft of a motor vehicle in violation of R.C. 2913.02 and one count of illegal use of benefits in violation of R.C. 2913.46. On October 18, 2023, Watts pled guilty pursuant to a plea agreement to the theft count and the remaining count was dismissed. The parties agreed to a nine-month sentence to be served consecutively to a sentence in a separate case. By entry filed October 23, 2023, the trial court followed the plea agreement and sentenced Watts to nine months in prison.

{¶ 3} Watts filed an appeal and was appointed counsel. Thereafter, Watts's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967). In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal*. Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines

that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 4} On April 3, 2024, Watts's counsel filed a motion to withdraw and indicted she sent Watts a copy of the *Anders* brief and the relevant transcripts. By judgment entry filed May 20, 2024, this court noted counsel had filed an *Anders* brief and indicated to the court that she had served Watts with the brief. Accordingly, this court notified Watts via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Watts did not do so.

{¶ 5} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 6} "THE TRIAL COURT ERRED IN ACCEPTING WATTS GUILTY PLEA UNDER CRIM.R. 11 AND ERRED IN SENTENCING WATTS."

I

{¶ 7} In the sole proposed assignment of error, counsel suggests the trial court erred in accepting Watts's guilty plea under Crim.R. 11 and erred in sentencing him. We disagree.

PLEA

{¶ 8} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 9} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977); *State v. Veney*, 2008-Ohio-5200, ¶ 31.

{¶ 10} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. *Veney* at ¶ 19. If the trial court fails to strictly comply with these requirements, then the defendant's plea is invalid. *Id.* at ¶ 31.

{¶ 11} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶ 10-13.

{¶ 12} For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant

subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

{¶ 13} We have reviewed the transcript of Watts's plea and find it reflects the trial court's strict compliance with each constitutional notification and its substantial compliance with each non-constitutional notification.  T. at 5-10.

## SENTENCE

{¶ 14} As for Watts's sentence, this court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).  Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 15} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 16} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds, State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 17} After a proper Crim.R. 11 colloquy, Watts pled guilty to a felony of the fourth degree. T. at 11. Under R.C. 2929.14(A)(4), felonies of the fourth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." The trial court sentenced Watts to nine months in prison, to be served consecutively to a prison sentence imposed in a separate case as agreed to. T. at 21-22. The sentence is within the statutory range for a fourth-degree felony. The trial court notified Watts of postrelease control and his right to appeal. T. at

22-24.  The trial court noted its consideration of the appropriate sentencing factors in its sentencing judgment entry.

{¶ 18} Upon review of the record, we find the trial court properly informed Watts of the consequences of his plea, properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed a sentence within the permissible statutory range, and properly imposed postrelease control.  Watts's sentence is therefore not clearly and convincingly contrary to law.

{¶ 19} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit.  . . . An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."  *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 20} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 21} The judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By King, J.

Delaney, P.J. and

Gwin, J. concur.