[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Morris*, Slip Opinion No. 2022-Ohio-4609.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4609

THE STATE OF OHIO, APPELLEE, *v.* MORRIS, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Morris*, Slip Opinion No. 2022-Ohio-4609.]

*Criminal law—Trial court's sentence of life imprisonment constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution—A trial court must separately consider the youth of a juvenile offender as a mitigating factor before imposing a life sentence—Court of appeals' judgment reversed and cause remanded.*

(No. 2021-1158—Submitted July 12, 2022—Decided December 23, 2022.)

APPEAL from the Court of Appeals for Ashland County,

No. 20-COA-015, 2021-Ohio-2646.

_____

STEWART, J.

{¶ 1} In this discretionary appeal, we are asked to decide whether appellant Tyler Morris's sentence to life in prison with the possibility of parole constitutes

cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution when Morris was convicted as a juvenile and the trial court failed to consider his youth as a mitigating factor in sentencing. In accordance with our holding in *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, we hold that Morris's sentence constitutes cruel and unusual punishment under both the Ohio and federal constitutional provisions and we remand the case to the trial court to vacate Morris's sentence and resentence him after considering his youth as a mitigating factor.

### Facts and Procedural History

{¶ 2} When Morris was 17 years old, he and his codefendant Michael Watson sold half a gram of methamphetamine to a woman and man staying at the Almond Tree Inn in Ashland, Ohio. The woman grabbed the methamphetamine from Morris and slammed the door to her hotel room without paying him for the drugs. Morris sent Watson and two other people to collect the drugs, and Morris provided a gun to Watson. When Watson and the others arrived at the Almond Tree Inn, Watson kicked in the door and shot the two people inside, killing one of them.

{¶ 3} Morris was charged in the Ashland County Juvenile Court with allegedly committing acts which, if committed by an adult, would constitute the offenses of complicity to aggravated murder, with a firearm specification; complicity to aggravated burglary, with a firearm specification; and complicity to attempted aggravated murder, with a firearm specification. The case was bound over to the Ashland County Court of Common Pleas, and Morris was indicted by a grand jury on several felony charges.

{¶ 4} The case proceeded to a jury trial, and the jury found Morris guilty of several charges, including two counts of complicity to aggravated murder and two counts of complicity to attempted aggravated murder. The trial court sentenced

Morris to an indefinite life sentence in prison with parole eligibility after 38 to 43 years.

{¶ 5} Morris filed an appeal in the Fifth District Court of Appeals, in which he argued, among several other assignments of error, that the trial court erred in its sentencing of him because it failed to consider his youth as a factor. The court of appeals overruled his assignments of error and affirmed his conviction and sentence.

{¶ 6} Morris then appealed to this court, raising the following proposition of law, which we accepted:

> A trial court that sentences a defendant to life in prison, for an offense committed when the defendant was a juvenile, violates Article I, Section 9 of the Ohio Constitution, and the Eighth and Fourteenth Amendments to the United States Constitution, when the trial court fails to consider the defendant's youth as a factor in sentencing.

*See* 165 Ohio St.3d 1477, 2021-Ohio-4289, 177 N.E.3d 992.

**Law and Analysis**

{¶ 7} The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Similarly, Article I, Section 9 of the Ohio Constitution provides that "[e]xcessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted." While Article I, Section 9 of the Ohio Constitution is similar to the Eighth Amendment to the United States Constitution, it also provides independent protection. *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516, ¶ 31.

**{¶ 8}** Both this court and the United States Supreme Court have recognized that youth is a factor that courts must consider in sentencing. *See Graham v. Florida*, 560 U.S. 48, 76, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) ("An offender's age is relevant to the Eighth Amendment, and criminal procedure laws that fail to take defendants' youthfulness into account at all would be flawed"); *Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, at ¶ 2 ("a trial court must separately consider the youth of a juvenile offender as a mitigating factor before imposing a life sentence"). Morris argues that the trial court failed to give any consideration to his youth as a factor in sentencing as it made no statements regarding his youth at the sentencing hearing or in its sentencing entry. He asserts that this court's requirement in *Patrick* that the trial court separately consider a juvenile offender's youth before sentencing that offender to life in prison comports with both state and federal constitutional protections and that the trial court's sentence constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution.

**{¶ 9}** Amicus curiae, Ohio Attorney General Dave Yost, in support of the state, responds that neither the United States Constitution nor the Ohio Constitution requires a trial court to consider a juvenile offender's age on the record before sentencing that offender to a life sentence with the possibility of parole. He further argues that *Jones v. Mississippi*, __U.S. __, 141 S.Ct. 1307, 209 L.Ed.2d 390 (2021), a recent case from the United States Supreme Court, effectively overruled *Patrick* and rejected *Patrick*'s holding that the Eighth Amendment forbids imposing a life sentence on a juvenile unless the trial court specifically considers on the record the juvenile offender's youth as a mitigating factor at sentencing. We disagree.

**{¶ 10}** In *Jones*, a juvenile offender who was convicted of murder argued that *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012),

4

restricted sentences of life without parole to "permanently incorrigible" juveniles and thus required sentencing courts to make a separate factual finding of permanent incorrigibility before imposing on a juvenile a life sentence without parole. *Jones* at 1313-1314. Jones argued in the alternative that even if a separate factual finding of incorrigibility is not required, sentencing courts must still be required to give an on-the-record explanation with an implicit finding of permanent incorrigibility in order to ensure that they actually consider a defendant's youth. *Id*. at 1319. The United States Supreme Court rejected Jones's arguments and held that trial courts may sentence juveniles to life without parole without making a separate factual finding of permanent incorrigibility and that an on-the-record finding is not required. *Id*. at 1314-1319, 1321.

{¶ 11} In *Patrick*, a juvenile offender who was 17 years old at the time he committed murder argued that the trial court failed to consider his youth before it imposed a life sentence with the possibility of parole after 30 years and that his sentence therefore violated the Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 9 of the Ohio Constitution. *Id*., 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, at ¶ 3, 8. On direct appeal to the Seventh District Court of Appeals, the court rejected his argument because Patrick was eligible for parole after 33 years and because R.C. 2929.12 did not explicitly require a trial court to consider the age of an offender. *Id*. at ¶ 8. We reversed the judgment of the court of appeals. *Id*. at ¶ 49. We held that a sentence of life in prison with parole eligibility imposed on a juvenile offender is analogous to a sentence of life in prison without the possibility of parole for purposes of Eighth Amendment analysis and that a court must specifically consider a juvenile offender's youth as a mitigating factor at sentencing. *Id*. at ¶ 36, 42.

{¶ 12} A court's assessing that a defendant is permanently incorrigible is not the same thing as considering a defendant's youth as a mitigating factor before imposing a sentence of life in prison without the possibility of parole. And there is

no basis to conflate the two concepts. *Compare Graham*, 560 U.S. at 72, 130 S.Ct. 2011, 176 L.Ed.2d 825 ("To justify life without parole on the assumption that the juvenile offender forever will be a danger to society requires the sentencer to make a judgment that the juvenile is incorrigible") *with State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, ¶ 29 (holding that a trial court is required to specifically consider a defendant's status as a juvenile offender as a mitigating factor before determining whether the offender should be sentenced to life imprisonment without the possibility of parole). Even the United States Supreme Court in *Jones* differentiated between considerations of youth and considerations of permanent incorrigibility when it explained that permanent incorrigibility cannot be an eligibility criterion that must be met before a juvenile offender is sentenced to life without parole, because even expert psychologists cannot differentiate between a juvenile offender whose crime reflects transient immaturity and one whose crime reflects irreparable corruption. *Jones*, __ U.S. __, 141 S.Ct. at 1315, 209 L.Ed.2d 390. In contrast, the court described an offender's youth as a sentencing factor akin to a mitigating circumstance. *Id*.

{¶ 13} Moreover, the court in *Jones* acknowledged that its decision "does not leave States free to sentence a child whose crime reflects transient immaturity to life without parole," *id*. at 1315, fn. 2. The court noted that its holding "does not preclude the States from imposing additional sentencing limits in cases involving defendants under 18 convicted of murder. * * * States may require sentencers to make extra factual findings before sentencing an offender under 18 to life without parole. Or States may direct sentencers to formally explain on the record why a life-without-parole sentence is appropriate notwithstanding the defendant's youth. * * * [These] options, and others, remain available to the States." *Id*. at 1323.

{¶ 14} This is exactly what we did in *Patrick* when we created an additional sentencing requirement and mandated that sentencing courts consider a defendant's youth as a mitigating factor on the record. *Id*., 164 Ohio St.3d 309, 2020-Ohio-

6

6803, 172 N.E.3d 952, at ¶ 48. And since the court in *Jones* explained that an offender's youth is a sentencing factor considered in mitigation that is different from the consideration of permanent incorrigibility, *Jones* does not overrule our holding in *Patrick*.

{¶ 15} Morris was sentenced to an indefinite sentence of life in prison with parole eligibility after 38 to 43 years. He was 17 years old at the time of the offenses, had no prior adult criminal history, had an IQ of 73, and was not the person who shot the victims. The trial court made no statements on the record or in its sentencing entry that demonstrate that it considered Morris's youth as a mitigating factor before sentencing him. The trial court's failure to do so contravenes *Patrick*.

{¶ 16} Although the United States Supreme Court in *Jones*, __ U.S. __, 141 S.Ct. 1307, 209 L.Ed.2d 390, held that sentencing courts are not required to make a finding of permanent incorrigibility before sentencing a youthful offender to life in prison, that holding does not extend to negate our decision in *Patrick* that sentencing courts must separately consider an offender's youth as a mitigating factor before sentencing him or her to prison for life. Furthermore, the court in *Jones* noted that states are free to require sentencing courts to make certain findings and/or require sentencing courts to set forth certain information on the record. *Id*. at 1323. That is what this court did in *Patrick*. Unless or until the General Assembly chooses to legislate otherwise, *Patrick* is still the law in Ohio.

{¶ 17} Because the trial court failed to consider Morris's youth as a factor in sentencing, we hold that the trial court's sentence of life imprisonment constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution. Accordingly, we reverse the judgment of the Fifth District Court of Appeals and remand the case to the trial court to vacate Morris's sentence and resentence him after considering his youth as a mitigating factor.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and DONNELLY and BRUNNER, JJ., concur.

FISCHER, J., dissents, with an opinion joined by KENNEDY and DEWINE, JJ.

_____

**FISCHER, J., dissenting.**

{¶ 18} Today, the majority opinion reaffirms our precedent in *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, despite its having been overruled by the United States Supreme Court. The United States Supreme Court's decisions on federal law are binding on this court, and we cannot choose to ignore its decisions merely because we disagree with them. Because the majority opinion chooses to ignore its duty to uphold the United States Constitution as it has been written and as it has been interpreted by the United States Supreme Court, I dissent.

{¶ 19} I agree with the majority opinion that sentencing courts must consider the youth of an offender before sentencing him or her to life in prison. This principle is clear from *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, and *Patrick*. However, in light of the United States Supreme Court's decision in *Jones v. Mississippi*, __ U.S. __, 141 S.Ct. 1307, 209 L.Ed.2d 390 (2021), under the United States Constitution, courts *do not* have to expressly consider a juvenile's age on the record.

{¶ 20} Though *Patrick* held that the Eighth Amendment to the United States Constitution requires sentencing courts to make a statement on the record, *Jones* clearly held otherwise. The appellant in *Jones* argued that *Miller* required a sentencing court to make a finding of permanent incorrigibility on the record before sentencing a juvenile to life without parole. This is the issue in *Jones* on which the majority opinion distinguishes this case, and I agree with the majority opinion that

this issue does not directly relate to the case before us. However, the appellant also argued that even if a separate factual finding of permanent incorrigibility was not required, a sentencing court "must at least provide an on-the-record sentencing explanation with an 'implicit finding' of permanent incorrigibility." *Id.* at 1319. If the United States Supreme Court had adopted the appellant's proposed requirement of an "on-the record sentencing explanation with an 'implicit finding' of permanent incorrigibility," sentencing courts would have been required to consider "the mitigating circumstances of youth" on the record. *See id.* at 1320-1321. This issue is directly on point for this case.

**{¶ 21}** Notably, the United States Supreme Court rejected *both* of the appellant's propositions. The court stated that it has "*never* required an on-the-record sentencing explanation." (Emphasis sic.) *Id.* at 1320. The court further expressly held that " '*Miller* did not impose a formal factfinding requirement,' " *Jones* at 1311, quoting *Montgomery v. Louisiana*, 577 U.S. 190, 211, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), and that "it would be incongruous to require an on-the-record explanation of *the mitigating circumstance of youth* by the sentencer in life-without-parole cases," (emphasis added and deleted) *id.* at 1321. Further, the court found that an on-the-record finding is not necessary to ensure that sentencing courts consider the required mitigating circumstances. *Id.* at 1320. The court held that under the required sentencing procedure, courts will "necessarily consider relevant mitigating circumstances." *Id.* Thus, the United States Supreme Court expressly found that the Eighth Amendment to the United States Constitution does not require a sentencing court to make any express finding on the record regarding mitigating circumstances in sentencing. The majority opinion is wrong to ignore this binding precedent.

**{¶ 22}** The majority opinion notes that the United States Supreme Court held that nothing in *Jones* precludes the states from imposing additional sentencing limits in cases involving juvenile offenders. The majority opinion then argues that

this court imposed such a requirement in *Patrick*, majority opinion, ¶ 14, but that is simply not true. This court did not, and could not, create a new sentencing requirement in *Patrick*. Rather, this court based the *Patrick* decision entirely on the Eighth Amendment to the United States Constitution, and the United States Supreme Court overruled this court on that point. This court does not make policy decisions and cannot impose new sentencing requirements via judicial decision without independent authority.

{¶ 23} Furthermore, it would be wrong to suggest that this court's decision in *Patrick* was based on the Ohio Constitution and therefore survives *Jones*. This court based the *Long* and *Patrick* decisions entirely on the Eighth Amendment to the United States Constitution and did not make any holding regarding the Ohio Constitution. The sole proposition before this court in *Long* was: "The Eighth Amendment requires trial courts to consider youth as a mitigating factor when sentencing a child to life without parole for a homicide." *Id.*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, at ¶ 7. This court made no mention of, let alone a holding regarding, the Ohio Constitution.

{¶ 24} In *Patrick*, the appellant argued that his sentence violated Article I, Section 9 of the Ohio Constitution, but this court never addressed that argument because it reversed the decision of the Seventh District Court of Appeals based on the Eighth Amendment to the United States Constitution. The only time this court mentioned the Ohio Constitution in that case was to describe the issue in the case and to describe Patrick's arguments to the Court of Appeals. *Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, at ¶ 2, 8, 19. But this court expressly decided the issue based solely on the United States Constitution when it said:

> Here, we are asked to determine whether a sentence of life in prison
> with parole eligibility after 33 years imposed on a juvenile offender
> triggers the same scope of Eighth Amendment concern and

10

> sentencing consideration that we recognized in *Long*. We conclude
> that it does.

*Id.* at ¶ 29.

{¶ **25**} We did not impose any sentencing requirements in *Patrick* on our own authority, nor could we. *Patrick* was based solely on our interpretation of the Eighth Amendment to the United States Constitution. If the General Assembly wishes to impose a specific fact-finding requirement on sentencing courts, it may do so. But at this time, it has not. We must interpret and apply the law as it is written. And the United States Supreme Court has said that the Eighth Amendment to the United States Constitution does not require a sentencing court to make any on-the-record sentencing explanation. Because this court is bound by the decisions of the United States Supreme Court on matters of federal law, I would hold, as the Supreme Court requires us to, that there is no requirement in the Eighth Amendment to the United States Constitution for a sentencing court to consider a defendant's youth on the record.

{¶ **26**} Furthermore, because Morris failed to provide any argument that the Ohio Constitution provides *greater* protections than the Eighth Amendment to the United States Constitution and because the issue was not addressed by the court of appeals, I would not address the scope of the Ohio Constitution in this case. Moreover, it is completely disingenuous for the majority opinion to suggest that its holding is based on the Ohio Constitution. *See* majority opinion at ¶ 1. The majority opinion claims to be merely applying this court's earlier decision in *Patrick*, but instead it attempts to surreptitiously expand the holding in *Patrick*. As described above, *Patrick* was based solely on the Eighth Amendment to the United States Constitution and made no holding regarding the Ohio Constitution. Now, the majority opinion contends that the same protection that was announced in *Patrick* is found in the Ohio Constitution, but the majority opinion provides no

additional analysis to support that conclusion. The majority opinion cannot retroactively expand *Patrick*'s holding while also pretending it is faithfully applying the same.

**{¶ 27}** Sentencing courts must consider the youth of an offender before sentencing him or her to life in prison. However, the Eighth Amendment to the United States Constitution does not require sentencing courts to make any factual finding on the record or state that the court has considered the defendant's youth as a mitigating factor. Being bound by the United States Supreme Court on matters of federal law, we should overrule the portion of *State v. Patrick* that holds otherwise. Therefore, I would affirm the judgment of the Fifth District Court of Appeals holding that under the United States Constitution, courts do not have to expressly consider a juvenile's age on the record before sentencing him or her to life in prison. Because the majority holds otherwise, I dissent.

KENNEDY and DEWINE, JJ., concur in the foregoing opinion.

_____

Christopher R. Tunnell, Ashland County Prosecuting Attorney, and Nadine Hauptman, Assistant Prosecuting Attorney, for appellee.

Brian A. Smith Law Firm, L.L.C., and Brian A. Smith, for appellant.

Dave Yost, Attorney General, Benjamin M. Flowers, Solicitor General, and Diane R. Brey, Deputy Solicitor General, urging affirmance for amicus curiae, Ohio Attorney General Dave Yost.

_____