[Cite as *State v. Ball*, 2024-Ohio-301.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| MARQUIS D. BALL | : | Case No. 2023 CA 00029 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Court of Common Pleas, Case No. 2022 CR 00584


JUDGMENT:             Affirmed


DATE OF JUDGMENT:             January 29, 2024


APPEARANCES:

For Plaintiff-Appellee

KENNETH W. OSWALT
20 South Second Street
4th Floor
Newark, OH  43055

For Defendant-Appellant

BRIAN A. SMITH
123 South Miller Road
Suite 250
Fairlawn, OH  44333

Marquis D. Ball
#A809225
Mansfield Correctional Institution
1150 North Main Street
Mansfield, OH  44903

*King, J.*

{¶ 1}  Defendant-Appellant, Marquis D. Ball, appeals his February 2, 2023 sentence from the Court of Common Pleas of Licking County, Ohio.  Appellee is the state of Ohio.  We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}  On February 2, 2023, Ball pled guilty to one count of obstructing official business in violation of R.C. 2921.31.  By judgment entry filed same day, the trial court sentenced Ball to one year in prison.  The trial court also imposed the balance of Ball's postrelease control time he was currently serving, 515 days, to be served consecutively to the one-year sentence for a total sentence of two years and one hundred fifty days.

{¶ 3}  Ball filed an appeal and was appointed counsel.  Thereafter, Ball's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).  In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw.  *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal*.  Id.*  Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses.  *Id.*  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to

withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 4} By judgment entry filed October 11, 2023, this court noted counsel had filed an *Anders* brief and indicated to the court that he had served Ball with the brief. Accordingly, this court notified Ball via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Ball did not do so.

{¶ 5} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 6} "WHETHER THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW, PURSUANT TO R.C. 2953.08(G)(2) * * * FOR IMPOSING A SENTENCE FOR THE VIOLATION OF POST-RELEASE CONTROL THAT WAS GREATER THAN BALL'S REMAINING TIME ON POST-RELEASE CONTROL."

II

{¶ 7} "WHETHER THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW, PURSUANT TO R.C. 2953.08(G)(2) * * * FOR FAILING TO SPECIFY THAT ITS IMPOSITION OF A PRISON TERM TERMINATED BALL'S POST-RELEASE CONTROL FOR THE EARLIER FELONY."

I, II

{¶ 8} In both of the proposed assignments of error, counsel suggests Ball's sentence was contrary to law pursuant to R.C. 2953.08(G)(2). We disagree.

{¶ 9} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231,

¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 10} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

established."  *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 11} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' "  *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, *rev'd on other grounds, State v. Morris,* 172 Ohio St.3d 98, 222 N.E.3d 568, 2022-Ohio-4609, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 12} After a proper Crim.R. 11 colloquy, Ball pled guilty to a fifth-degree felony. February 2, 2023 T. at 5-15.  Under R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, or twelve months." The trial court sentenced Ball to a one-year sentence.  The sentence is within the statutory range for a fifth-degree felony.  During the sentencing hearing and in its judgment entry, the trial court noted it considered the factors in R.C. 2929.11 and R.C. 2929.12.  *Id.* at 18. The trial court had the benefit of a pre-sentence investigation report.

{¶ 13} As permitted under R.C. 2929.141(A)(1), the trial court also imposed the balance of Ball's postrelease control time he was currently serving, 515 days, to be served consecutively to the one-year sentence for a total sentence of two years and one hundred fifty days.  During the sentencing hearing, Ball agreed the balance was one year and five months.  *Id.* at 20.  One year and five months equals 515 days.  *Id.* at 21.  The state produced a letter showing 525 days, but the trial court disagreed with the math and went with 515.  *Id.* at 20.

{¶ 14} During the plea colloquy, the trial court properly informed Ball it could impose any remaining postrelease control time "in addition to or consecutively with any sentence you receive in this case." *Id.* at 13. Ball indicated he understood. *Id.* During the sentencing phase, the trial court informed Ball it was imposing "the balance" of his postrelease control time consecutively, and then the trial court and Ball had a discussion as to how many days he had "left" on his postrelease control to be imposed. *Id.* at 18-21. Ball's postrelease control time was terminated by operation of law. R.C. 2929.141(A)(1) ("The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony"). In sentencing Ball to the balance of his time, we do not find any statute or case law requiring the trial court to specifically inform him that his postrelease control was terminated. *See State v. Nix,* 8th Dist. Cuyahoga No. 106894, 2019-Ohio-1640. When imposing "the balance" of time, there is nothing left of the earlier postrelease control time, it naturally terminates.

{¶ 15} Upon our review of the record, we find the trial court properly informed Ball of the consequences of his plea and Ball's sentence is not clearly and convincingly contrary to law. The trial court considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, the sentence is within the permissible statutory range, and the trial court properly imposed new post release control.

{¶ 16} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 17} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 18} The judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.

By King, J.

Hoffman, P.J. and

Wise, J. concur.