[Cite as *State v. Sheldon*, 2024-Ohio-5130.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| KIMBERLY SHELDON | : | Case Nos. 2024 CA 0001 |
| | : | 2024 CA 0002 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeals from the Court of Common Pleas, Case Nos. 2022CR0065 and 2023CR0022


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    October 24, 2024


APPEARANCES:

For Plaintiff-Appellee

THOMAS J. SMITH
60 East High Street
Mount Gilead, OH 43338

For Defendant-Appellant

APRIL F. CAMPBELL
545 Metro Place South
Suite 100
Dublin, OH 43017

*King, J.*

{¶ 1}   Defendant-Appellant, Kimberly Sheldon, appeals her December 27, 2023 convictions and sentences from the Court of Common Pleas of Morrow County, Ohio. Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On May 31, 2022, the Morrow County Grand Jury indicted Sheldon on one count of possession of drugs in violation of R.C. 2925.11 (Case No. 2022CR0065).

{¶ 3}   On March 10, 2023, the Morrow County Grand Jury indicated Sheldon on one count of receiving stolen property in violation of R.C. 2913.51 (Case No. 2023CR0022).

{¶ 4}   Sheldon attempted treatment services, but in both cases, she violated her bond conditions on several occasions and arrest warrants were issued.

{¶ 5}   On December 5, 2023, Sheldon pled guilty to each count pursuant to a plea agreement.  The parties agreed to a nine-month sentence in each case to be served concurrently, and the state agreed not to prosecute Sheldon for felony failure to appear. By judgment entry filed December 27, 2023, the trial court sentenced Sheldon to five years of community control, but reserved the right to sentence Sheldon to twelve months in prison on each case, to be served consecutively.

{¶ 6}   Sheldon filed an appeal in each case and was appointed counsel. Thereafter, Sheldon's attorney filed *Anders* briefs under *Anders v. California*, 386 U.S. 738 (1967).  In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw.

*Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal*. Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 7} On June 20, 2024, Sheldon's counsel filed motions to withdraw and indicted she sent Sheldon copies of the *Anders* briefs and the relevant transcripts. By judgment entries filed June 28, 2024, this court noted counsel had filed *Anders* briefs and indicated to the court that she had served Sheldon with the briefs. Accordingly, this court notified Sheldon via certified U.S. Mail that she "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Sheldon did not do so.

{¶ 8} The matter is now before this court for consideration of counsel's *Anders* briefs. Counsel urges this court to review the following identical issue in each brief:

I

{¶ 9} "THE TRIAL COURT ERRED IN ACCEPTING SHELDON'S GUILTY PLEAS UNDER CRIM.R. 11, AND ERRED IN SENTENCING SHELDON."

I

{¶ 10} In the sole proposed assignment of error, counsel suggests the trial court erred in accepting Sheldon's guilty pleas under Crim.R. 11 and erred in sentencing her. We disagree.

PLEAS

{¶ 11} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 12} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. The Supreme Court of Ohio noted the "different tiers of compliance with the rule" i.e., partially, substantially, strictly, literally, "have served only to unduly complicate what should be a fairly straightforward inquiry." *State v. Dangler,* 2020-Ohio-2765, ¶ 17. The Court stated: "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* But the Court reaffirmed the substantial compliance rule when it stated: "the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). In *Nero,* the Supreme Court of Ohio stated: "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the

reviewing court determines that there was substantial compliance." *Nero* at 108. "Substantial compliance" means "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶ 13} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. Crim.R. 11(C)(2)(c).

{¶ 14} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b).

{¶ 15} We have reviewed the transcript of Sheldon's pleas and find the trial court was very thorough in its explanations and met *Dangler's* requirement of compliance with her constitutional and non-constitutional rights; Sheldon indicated she understood the implications of her pleas and the rights she was waiving. December 5, 2023 T. at 6-57.

SENTENCES

{¶ 16} As for Sheldon's sentence, this court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22;

*State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 17} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 18} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds, State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 19} After a proper Crim.R. 11 colloquy, Sheldon pled guilty to two felonies of the fifth degree. December 5, 2023 T. at 46-48. Under R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, or twelve months." Instead of sentencing Sheldon to prison time, the trial court sentenced her to five years of community control in compliance with R.C. 2929.13(B)(1) and reserved the right to sentence her to twelve months in prison in each case, to be served consecutively. If imposed, the sentences are within the statutory range for fifth-degree felonies. The trial court made the requisite findings for consecutive sentencing under R.C. 2929.14(C)(4). December 12, 2023 T. at 19; Judgment Entries filed December 27, 2023. The trial court notified Sheldon of postrelease control and her right to appeal. December 12, 2023 T. at 25; Guilty Plea Agreements filed December 6, 2023. The trial court noted its consideration of the appropriate sentencing factors on the record and in its sentencing judgment entries. December 12, 2023 T. at 12.

{¶ 20} Upon review of the record, we find the trial court properly informed Sheldon of the consequences of her pleas, properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed sentences within the permissible statutory range,

explained the stated and indefinite sentences, and properly imposed postrelease control. Sheldon's sentences are therefore not clearly and convincingly contrary to law.

{¶ 21} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit.  . . . An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."  *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 22} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  We find the appeals to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgments of the trial court.

{¶ 23} The judgments of the Court of Common Pleas of Morrow County, Ohio, are hereby affirmed.

By King, J.

Hoffman, P.J. and

Wise, J. concur.