[Cite as *State v. Wuletich*, 2025-Ohio-2180.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Robert G. Montgomery, J. |
| -vs- | : | |
| | : | |
| BAYNE WULETICH | : | Case No. 24CA000027 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. 22CR143

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        June 20, 2025

APPEARANCES:

For Plaintiff-Appellee

LINDSEY ANGLER
627 Wheeling Avenue
Cambridge, OH  43725

For Defendant-Appellant

TODD W. BARSTOW
14 North Park Place
Newark, OH  43055

*King, J.*

{¶ 1}  Defendant-Appellant Bayne Wuletich appeals the August 26, 2024 judgment of the Guernsey County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

Facts and Procedural History

{¶ 2}  On June 18, 2022, Byesville police officers were dispatched to the scene of an argument which took place in the parking lot of a Clark gas station in Guernsey County. A witness took video of the argument and while doing so, noticed that Wuletich dropped something in the grass when officers arrived. Upon investigation, officers discovered a baggie containing methamphetamine. Wuletich admitted the drugs belonged to him. Wuletich also had lisdexamfetamine and buprenorphine tablets on his person.

{¶ 3}  As a result, on October 13, 2022, the Guernsey County Grand Jury returned an indictment charging Wuletich as follows:

{¶ 4}  Count one: aggravated possession of drugs (methamphetamine), a felony of the second degree in violation of R.C. 2925.11(A);

{¶ 5}  Count two: one count of possession of drugs (buprenorphine) with a prior drug conviction specification, a felony of the fifth degree in violation of R.C. 2925.11(A):

{¶ 6}   Count three: aggravated possession of drugs (lisdexamfetamine), a felony of the fifth degree in violation of R.C. 2925.11(A);

{¶ 7}  Count four: tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1);

{¶ 8}  Wuletich was placed in a pretrial release program. Before being arraigned or served with the indictment, he absconded from supervision. On November 2, 2022, a

warrant was issued for his arrest. In May, 2023, Wuletich was found to be incarcerated at the Belmont Correctional Institution.

{¶ 9} Wuletich was appointed counsel and entered pleas of not guilty. On October 30, 2023, counsel for Wuletich filed a motion for funds to reweigh the drugs. The trial court granted the motion of November 3, 2023. On December 5, 2023, the trial court appointed new counsel for Wuletich. New counsel learned the Byesville Police Department had forwarded the wrong substances to the independent lab for reweighing. Counsel filed a new motion for reweighing on April 18, 2023 which the trial court granted. The reweighing was later accomplished.

{¶ 10} On July 15, 2023, Wuletich entered pleas of guilty to counts one, two, and four of the indictment and the State dismissed count 3. The trial court imposed an indefinite sentence of six to nine years and ordered Wuletich to serve the sentence consecutively to the prison term he was serving at the time.

{¶ 11} Wuletich filed an appeal and was appointed counsel. His attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine

if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 12} On February 18, 2025, Wuletich's counsel filed a motion to withdraw and indicated he sent Wuletich a copy of the *Anders* brief. By judgment entry filed February 24, 2025, this court noted counsel had filed an *Anders* brief and indicated to the court that he had served Wuletich with the brief. Accordingly, this court notified Wuletich via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Wuletich did not do so.

{¶ 13} The matter is now before this court for consideration of counsel's Anders brief. Counsel urges this court to review the following:

I

{¶ 14} "THE TRIAL COURT ERRED IN ACCEPTING WULETICH'S GUILTY PLEA PURSUANT TO CRIMINAL RULE 11 AND ERRED IN SENTENCING WULETICH."

{¶ 15} Counsel proposes the trial court erred in accepting Wuletich's guilty plea under Crim.R. 11 and erred in sentencing him. We disagree.

Plea

{¶ 16} When reviewing a trial court's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 17} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. The Supreme Court of Ohio noted the "different tiers of compliance with the

rule" i.e., partially, substantially, strictly, literally, "have served only to unduly complicate what should be a fairly straightforward inquiry." *State v. Dangler*, 2020-Ohio-2765, ¶ 17. The Court stated: "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* But the Court reaffirmed the substantial compliance rule when it stated: "the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). In *Nero*, the Supreme Court of Ohio stated: "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." *Nero* at 108. "Substantial compliance" means "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶ 18} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. Crim.R. 11(C)(2)(c).

{¶ 19} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b).

{¶ 20} We have reviewed the transcript of Wuletich's plea and find the trial court was thorough in its explanations and met *Dangler's* requirement of compliance with his constitutional and non-constitutional rights; Wuletich indicated he understood the implications of his pleas and the rights he was waiving. Transcript of plea and sentence July 15, 2024 (T.) at 8-33. Additionally, Wuletich signed a Plea of Guilty form which also outlined the possible penalties and the rights he relinquished by entering his plea. Plea of Guilty filed July 18, 2024, docket item 192.

## Sentences

{¶ 21} As for Wuletich's sentence, this court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 22} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 23} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.),

reversed on other grounds; *State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 24} Following a properly conducted Crim.R. 11 colloquy, Wuletich pled guilty to one felony of the second degree, one felony of the third degree, and one felony of the fifth degree. Before pronouncing sentence, the trial court properly advised Wuletich of post-release control and indicted it had considered the appropriate sentencing factors contained in R.C. 2929.11, R.C. 2929.12 and R.C. 2929.14(C)(4). T. 41-45.

{¶ 25} Pursuant to R.C. 2929.14(A)(2)(a), "[f]or a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]" The trial court sentenced Wuletich to an indefinite term of 4 to 6 years.

{¶ 26} R.C. 2929.14(A)(3) provides "[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Wuletich was sentenced to eighteen months.

{¶ 27} R.C. 2929.14(A)(5) provides a felony of the fifth degree carries a definite prison term of six, seven, eight, nine, ten, eleven, or twelve months. Wuletich was sentenced to six months.

{¶ 28} The trial court ordered Wuletich to serve the sentences consecutively to one another and consecutive to the prison term he was serving at the time of sentencing. T. 47; Transcript of Further Sentencing Hearing August 26, 2024, 8-11.

{¶ 29} The record reflects the trial court imposed sentences within the appropriate statutory ranges, considered the appropriate sentencing guidelines, and properly imposed post-release control. Wuletich's sentence is therefore not contrary to law.

{¶ 30} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 31} The judgment of the Guernsey County Court of Common Pleas is hereby affirmed.

By: King, J.

Hoffman, P.J. and

Montgomery, J. concur.