[Cite as *State v. Catlin*, 2026-Ohio-2380.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>BRYAN L. CATLIN,<br><br>    Defendant - Appellant | Case No. CT2025-0127<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0378<br><br>Judgment:  Affirmed<br><br>Date of Judgment Entry: June 23, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, Assistant Prosecutor, for Plaintiff-Appellee; KRISTOPHER K. HILL, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}  The appellant, Bryan L. Catlin, appeals his sentence following his plea in the Muskingum County Court of Common Pleas. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}  On October 24, 2025, the appellant entered pleas of guilty to one count of Kidnapping, as amended, in violation of R.C. 2905.01(A)(3), one count of Domestic Violence in violation of R.C. 2919.25(A) with an accompanying firearm specification under R.C. 2941.145(A), one count of Obstructing Official Business in violation of R.C. 2921.31(A) with an accompanying firearm specification, one count of Improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(D)(1), and one count of Using Weapons while Intoxicated in violation of R.C. 2923.15(A). Pursuant to plea

negotiations, the State moved to dismiss the Rape charges. The trial court granted the State's motion to dismiss.

{¶3} On November 5, 2025, the matter proceeded to sentencing. The trial court allowed the victim to read a victim-impact statement on the record. The court also advised the appellant of his violent-offender registration duties based on the kidnapping conviction.

{¶4} The trial court stated on the record that it had received and thoroughly reviewed the presentence-investigation report. The court further stated it reviewed the plea form and the appellant's possible minimum and maximum sentences; the official version of the offense as reflected in the PSI; the appellant's letter; the appellant's family, work, relationship, substance-use, and mental-health history; the appellant's criminal history, the victim's written letter and oral statement; letters submitted on the appellant's behalf; and the appellant's assistance to correction officers while he was incarcerated in the Licking County Jail.

{¶5} During sentencing, the trial court stated: "And I agree with Mr. Hill, you have not been convicted, you're not being sentenced for any of the rape charges or any sexual assault, but you are being convicted of domestic violence and kidnapping." The trial court then stated that the kidnapping was "for the purpose of engaging in sexual activity." The prosecutor immediately corrected the court, explaining that the kidnapping charge had been amended to involve terrorizing the victim. The trial court thanked the prosecutor and continued with its sentencing comments.

{¶6} The trial court ordered Counts Four, Six, and Seven to be served consecutively, and ordered the firearm specification to be served consecutively to the remaining counts. Counts Five and Eight were ordered to be served concurrently with

each other and concurrently with the remaining counts. The aggregate sentence was a minimum prison term of sixteen years, four years of which were mandatory, with an indefinite maximum term of twenty-one and one-half years.

{¶7}   In its sentencing entry, the trial court stated it considered the record, all statements, any victim-impact statement, the plea recommendation, the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. The trial court also made consecutive-sentence findings under R.C. 2929.14(C)(4), finding that consecutive sentences were necessary to protect the public from future crime or to punish the appellant, were not disproportionate to the seriousness of the appellant's conduct and the danger the appellant posed to the public, and that at least two offenses were committed as part of one or more courses of conduct and the harm caused by two or more offenses was so great or unusual that no single prison term adequately reflected the seriousness of the appellant's conduct.

{¶8}   The appellant filed a timely notice of appeal and raises the following sole assignment of error:

{¶9}   "I. THE TRIAL COURT ERRED BY ONLY GIVING CURSORY ATTENTION TO THE FACTORS SET FORTH IN R.C. 2929.12; WHILE BASING SENTENCING ON UNCHARGED AND DISMISSED ALLEGED CONDUCT."

**I.**

{¶10} In his sole assignment of error, the appellant argues that the trial court erred by giving only cursory attention to the seriousness and recidivism factors and by basing its sentence on uncharged and dismissed conduct. We disagree.

## STANDARD OF REVIEW

{¶11} We review felony sentences under R.C. 2953.08(G)(2). An appellate court may vacate or modify a felony sentence only if it clearly and convincingly finds either that the record does not support the sentencing court's findings under the enumerated statutes, or that the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

{¶12} A sentence is not contrary to law when it falls within the statutory range. The trial court considered the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, and the trial court has complied with all applicable sentencing requirements. *State v. Morris*, 2021-Ohio-2646, ¶90 (5th Dist.), *rev'd on other grounds*, 2022-Ohio-4609.

## ANALYSIS

{¶13} The appellant argues that the trial court gave only cursory attention to R.C. 2929.12 and improperly sentenced him based upon uncharged or dismissed conduct. The appellant focuses on the trial court's statement at sentencing that the kidnapping was "for the purpose of engaging in sexual activity." The appellant notes the kidnapping count had been amended, and the rape charges were dismissed as part of the plea agreement. He therefore maintains that the trial court relied upon an improper sentencing factor.

{¶14} The trial court expressly stated in its sentencing entry that it considered the record, all statements, any victim-impact statement, the plea recommendation, the

principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. A trial court's statement that it considered R.C. 2929.11 and R.C. 2929.12 is sufficient to demonstrate compliance with the statutes. *State v. Jones*, 2020-Ohio-6729, ¶20.

{¶15} The sentencing transcript also demonstrates that the trial court gave more than cursory attention to R.C. 2929.12. The trial court stated it reviewed the PSI thoroughly, the plea form, the appellant's possible sentencing ranges, the official version in the PSI, the appellant's letter, family history, work history, relationship history, substance-use history, mental-health history, criminal history, the victim's written and oral statements, letters submitted on the appellant's behalf, and the appellant's conduct while incarcerated in the Licking County Jail. The record, therefore, does not support the appellant's contention that the trial court gave only cursory attention to the relevant statutory considerations.

{¶16} Nor do we find the sentence contrary to law based upon the trial court's brief misstatement concerning the amended kidnapping count. The trial court expressly acknowledged, before making the challenged statement, that the appellant had not been convicted of rape or sexual assault and was not being sentenced for those offenses. When the trial court misstated the purpose of the kidnapping count, the prosecutor immediately corrected the record and explained that the count had been amended to involve terrorizing the victim. The trial court thanked the prosecutor for the correction and proceeded with sentencing. The sentencing entry correctly identifies the kidnapping conviction as a violation of R.C. 2905.01(A)(3) and does not state that the appellant was sentenced for a sexual offense.

{¶17} We are mindful that a sentence imposed upon impermissible considerations may be contrary to law. *State v. Bryant*, 2022-Ohio-1878, ¶22. But this is not a record in which the trial court punished the appellant for an acquitted, dismissed, or uncharged offense rather than for the offenses of conviction. The trial court imposed a sentence after reviewing the PSI, the victim-impact materials, the appellant's mitigation materials, the appellant's lack of prior criminal convictions, his work and law-enforcement history, his mental-health and substance-use history, the domestic-violence and kidnapping convictions, the firearm-related offenses, the standoff with law enforcement, the protection-order history, and the victim's description of harm. These are matters within the scope of R.C. 2929.11 and R.C. 2929.12.

{¶18} The appellant does not argue that the prison terms imposed for the offenses of conviction were outside the authorized statutory range. The trial court imposed post-release control and made the required consecutive-sentence findings both at the sentencing hearing and in the sentencing entry. See R.C. 2929.14(C)(4).

{¶19} Finally, the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12, imposed sentences within the statutory ranges, made the required consecutive-sentence findings, and did not impose a sentence based upon an impermissible consideration. The appellant's sentence is not contrary to law.

{¶20} The appellant's sole assignment of error is overruled.

## CONCLUSION

{¶21} Based upon the foregoing, the judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶22} Costs to the appellant.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.