[Cite as *State v. Woofter*, 2019-Ohio-1166.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS.  2018-P-0050**<br>**2018-P-0051**<br>**2018-P-0052** |
| BRIAN K. WOOFTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Court of Common Pleas, Case Nos. 2015 CR 00552, 2017 CR 00907 and 2017 CR 01111.

Judgment: Affirmed in part, reversed in part, and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Barbara J. Rogachefsky*, Barbara J. Rogachefsky Co., LPA, 12 East Exchange Street, 5th Floor, Akron, OH 44308 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}  Defendant-appellant, Brian K. Woofter, appeals the June 20, 2018 Judgment Entry of the Portage County Court of Common Pleas, sentencing him in three underlying criminal prosecutions.  The issue before this court is whether the sentencing court complied with the statutory provisions for the imposition of consecutive sentences. For the following reasons, the lower court's Judgment is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

{¶2} In Portage County C.P. Case No. 2015 CR 00552, Woofter pled guilty to Theft, a felony of the fifth degree in violation of R.C. 2913.02. On January 26, 2016, the trial court sentenced Woofter to a combination of community control sanctions, specifically, Woofter was placed under "the general control of the Portage County Adult Probation Department in the Intensive Supervision Program for a period of twelve months and forty-eight additional months under the General Division of Adult Probation." On October 16, 2017, the Adult Probation Department filed a Motion to Revoke/Modify Probation. On October 31, 2017, the court found that Woofter had violated the terms of probation and ordered the matter to be set for disposition.

{¶3} In Portage County C.P. Case No. 2017 CR 00907, Woofter pled guilty to six counts of Receiving Stolen Property, felonies of the fifth degree in violation of R.C. 2913.51.

{¶4} In Portage County C.P. Case No. 2017 CR 01111, Woofter pled guilty to Receiving Stolen Property, a felony of the fifth degree in violation of R.C. 2913.51.

{¶5} On February 8, 2018, the trial court sentenced Woofter in Case Nos. 00907 and 01111 to a combination of community control sanctions, specifically, Woofter was placed under "the general control of the Portage County Adult Probation Department in the Intensive Supervision Program for a period of one year and four additional years under the General Division of Adult Probation." On the same date, in Case No. 00552, the court ordered that Woofter should "continue on probation as previously ordered."

{¶6} On May 14, 2018, the Adult Probation Department filed a Motion to Revoke/Modify Probation in all three cases.

2

{¶7} On June 18, 2018, a hearing was held on the motions to modify sanctions at which Woofter admitted to violating probation. The trial court found that Woofter was no longer amenable to community control sanctions and that prison sentences were warranted in these cases. In Case No. 00552, the court imposed a sentence of twelve months to be served concurrently with the sentences in the other cases. In Case No. 00907, the court sentenced Woofter to serve twelve months in prison for each of the six counts with five of the sentences being served consecutively and the sixth being served concurrently. In Case No. 01111, the court imposed a sentence of twelve months to be served concurrently with the sentences in the other cases.

{¶8} On June 20, 2018, Woofter's sentences were memorialized in a written Judgment Entry.

{¶9} On July 17, 2018, Woofter filed Notices of Appeal and, on August 9, 2018, this court consolidated the appeals. On appeal, Woofter raises the following assignment of error:

{¶10} "[1.] The Trial Court erred as a matter of law in imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4)."

{¶11} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing

3

court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law."  R.C. 2953.08(G)(2)(a) and (b).

{¶12}  The Ohio Revised Code provides, in relevant part, as follows regarding consecutive felony sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶13}  Under R.C. 2929.14(C)(4), a sentencing court is required to make three distinct findings in order to require an offender to serve consecutive prison terms: (1) that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; (2) that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the

4

public"; (3) "and * * * also" that one of the circumstances described in subdivision (a) to (c) is present. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252.

{¶14} Moreover, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2104-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶15} In the present case, the trial court failed to make the requisite findings to impose consecutive sentences both at the sentencing hearing and in its sentencing entry. The State does not dispute the error.

{¶16} At the sentencing hearing, the trial court arguably made comments that could be construed as a finding that consecutive sentences were necessary to protect the public from future crime and/or punish Woofter, and possibly that Woofter's history of criminal conduct requires consecutive sentences to protect the public from future crime:

> [Y]ou have repeatedly come into this Court for different violations of your community control [and] that tell[s] me you just haven't figured it out yet. You do really well for a while, you get a job, you take care of the things you need to take care of, and then you go completely off the rails again. And * * * I have to agree with Mr. Bennett [a victim who testified at the sentencing hearing], it is not fair to the public to keep allowing you, even if you haven't necessarily victimized them recently, to keep allowing you chance after chance when you are just not doing what you need to do. It * * * certainly doesn't make me feel happy to have to send you back to prison, but I also have to look at my job and it's to also provide consequences for behavior.

*Compare Bonnell* at ¶ 33 ("[w]e can discern from the trial court's statement that Bonnell had 'shown very little respect for society and the rules of society' that it found a need to

5

protect the public from future crime or to punish Bonnell" and "conclude that the court found that Bonnell's 'atrocious' record related to a history of criminal conduct that demonstrated the need for consecutive sentences to protect the public from future crime").

{¶17} Nothing in the trial court's comments at the sentencing hearing, however, permits this court to discern that the court engaged in a proportionality analysis.

{¶18} The trial court's sentencing entry expressly states that it "finds that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public." The entry is silent as to anything that could be construed as a finding that one of the circumstances described in R.C. 2929.14(C)(4)(a) to (c) is present.

{¶19} When the findings at the sentencing hearing and in the sentencing entry are insufficient to satisfy the requirements of R.C. 2929.14(C)(4), it is well-established that remand for resentencing is necessary to correct the error. *Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, at ¶ 260; *State v. Snyder*, 11th Dist. Ashtabula Nos. 2017-A-0041, 2017-A-0042, and 2017-A-0043, 2018-Ohio-2826, ¶ 17 ("[s]ince the record demonstrates that the requisite R.C. 2929.14(C)(4) findings were not made, * * * [w]e * * * vacate his sentence," and "the trial court is instructed to resentence Snyder and, if it re-imposes consecutive sentences, to make all necessary statutory findings").

{¶20} The State correctly notes that, in Case Nos. 00552 and 01111 (Appellate Nos. 2018-P-0050 and 2018-P-0052 respectively), the sentences were ordered to be served concurrently and, therefore, there is no error requiring resentencing.

6

**{¶21}** The sole assignment of error has merit to the extent indicated above.

**{¶22}** For the foregoing reasons, the June 20, 2018 Judgment Entry of the Portage County Court of Common Pleas is affirmed in part and reversed in part. Woofter's sentence in Portage County C.P. Case No. 2017 CR 00907 (Appellate No. 2018-P-0051) only is vacated and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.