[Cite as *State v. Volpi*, 2026-Ohio-599.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2025-A-0044** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| THOMAS L. VOLPI, | |
| Defendant-Appellant. | Trial Court No. 2019 CR 00500 |

## OPINION AND JUDGMENT ENTRY

Decided: February 23, 2026
Judgment: Affirmed

*April R. Grabman,* Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*William C. Livingston* and *Mark R. Devan*, Berkman, Gordon, Murray & Devan, 55 Public Square, Suite 2200, Cleveland, OH 44113 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Thomas L. Volpi, appeals from the judgment of the Ashtabula County Court of Common Pleas after his convictions for one count of Rape, a first-degree felony in violation of R.C. 2907.02(A)(2), and five counts of Unlawful Sexual Conduct with a Minor, third-degree felonies in violation of R.C. 2907.04(A). These charges related to two minor victims: A.W. (D.O.B. 11-1-2001) and D.L. (D.O.B. 9-5-2003). After his convictions, Appellant filed an appeal in *State v. Volpi*, 2023-Ohio-4488 (11th Dist.) (*Volpi I*). This Court affirmed his conviction for Rape but reversed his convictions for Sexual Battery and remanded for resentencing on the previously merged counts of Unlawful

Sexual Conduct with a Minor. *Id.* at ¶ 2. After remand, the trial court resentenced Appellant, and Appellant again appealed. In *State v. Volpi*, 2024-Ohio-5764 (11th Dist.) (*Volpi II*), we upheld Appellant's convictions for Unlawful Sexual Conduct with a minor. *Id.* at ¶ 3. However, we reversed and remanded the case for resentencing because the trial court failed to make the findings that R.C. 2929.14(C)(4) mandates before imposing consecutive sentences. *Id.*

{¶2} Appellant now appeals following his resentencing and raises three assignments of error: (1) the trial court again failed to make all findings necessary to impose consecutive sentences under R.C. 2929.14(C)(4); (2) even if the trial court had made the necessary findings under R.C. 2929.14(C)(4), consecutive sentences are not supported by the record. and the comments the trial court made at sentencing render Appellant's consecutive sentences contrary to law; and (3) Appellant's aggregate sentence of 36 to 41.5 years imprisonment amounts to cruel and unusual punishment in violation of the United States and Ohio Constitutions.

{¶3} Having reviewed the record and the applicable caselaw, we find that the record demonstrates that the trial court made the necessary findings to impose consecutive sentences. Next, the consecutive sentences the trial court imposed were not clearly and convincingly unsupported by the record, and the trial court's comments at the sentencing hearing were not improper. Finally, Appellant's sentences do not constitute cruel and unusual punishment.

{¶4} Therefore, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

## I. Substantive and Procedural History

{¶5} On August 14, 2019, Appellant was indicted on 39 counts: 12 counts of Rape, first-degree felonies in violation of R.C. 2907.02(A)(2); 11 counts of Sexual Battery, third-degree felonies in violation of R.C. 2907.03(A)(2); five counts of Unlawful Sexual Conduct with a Minor, third-degree felonies in violation of R.C. 2907.04(A)(3); nine counts of Gross Sexual Imposition, fourth-degree felonies in violation of R.C. 2907.05(A)(1); and two counts of Furnishing Alcohol to Underage Persons, first-degree misdemeanors in violation of R.C. 4301.69(B) and 4301.99(C). Appellant pled not guilty to the charges.

{¶6} On June 21, 2020, the matter proceeded to trial. On that date, the State voluntarily dismissed the two counts for Furnishing Alcohol to Underage Persons.

{¶7} The underlying factual history is set forth in *Volpi I*. *Id.* at ¶ 8-33.

{¶8} The jury found Appellant guilty on Count 12, Rape, for conduct relating to A.W., and guilty on Counts 18-22, Sexual Battery, and Counts 24-28, Unlawful Sexual Conduct with a Minor, for conduct relating to D.L. The jury returned not guilty verdicts on the remaining counts.

{¶9} On August 29, 2022, the trial court sentenced Appellant. The parties agreed that Counts 18-22 and Counts 24-28 merged for sentencing purposes. The State elected to proceed to sentence on Counts 18-22, Sexual Battery.

{¶10} In *Volpi I*, we affirmed Appellant's conviction for one count of Rape and reversed Appellant's convictions on Counts 18-22 for Sexual Battery because the State failed to present sufficient evidence that Appellant was acting in loco parentis for D.L. We therefore remanded the matter to the trial court to resentence Appellant on the previously merged Counts 24-28, Unlawful Sexual Conduct with a Minor. *Id.* at ¶ 2.

{¶11} On May 1, 2024, the trial court resentenced Appellant to a minimum of 11 years and a maximum term of 16 and one-half years on the Rape count and 60 months on each of the Unlawful Sexual Conduct with a Minor counts. The trial court ordered the sentences be served consecutively for a total of 36 to 41.5 years in prison.

{¶12} In *Volpi II*, we affirmed Appellant's conviction for Unlawful Sexual Conduct with a Minor but reversed and remanded the case for resentencing because the trial court failed to make the necessary findings contained in R.C. 2929.14(C)(4) to impose consecutive sentences. *Id.* at ¶ 3. We said that the trial court's sentencing remarks did not reference the proportionality of Appellant's consecutive sentences and thus were insufficient to overcome the presumption of a concurrent sentence. *Id.* at ¶ 67-68. Therefore, we again remanded the matter for resentencing. *Id.* at ¶ 74.

{¶13} On July 7, 2025, the trial court again resentenced Appellant. At the sentencing hearing, the trial court said that it considered the purposes and principles of sentencing. However, the trial court went on to list those principles and only stated two of the three overriding purposes of sentencing: to punish offenders and protect the public from future crime. The trial court did not mention the third principle, which is to promote the effective rehabilitation of the offender. *See* R.C. 2929.11(A).[1]

{¶14} At the July 7, 2025 resentencing hearing, the trial court recited the facts of the case, stating that Appellant engaged in sexual conduct with D.L. multiple times and

---

1. By mentioning two of the three principles, there is, at least, a question of whether the trial court was guided by the third purpose of rehabilitation as R.C. 2929.11(A) commands. It also raises a question of how the sentence imposed could be reasonably calculated to achieve the third purpose of felony sentencing, as mandated by R.C. 2929.11(B), when it was not even considered. Although this issue has not been raised on appeal, we note it here for purposes of educating the bar of this requirement.

Case No. 2025-A-0044

in multiple locations throughout the course of night. Further, the trial court emphasized that Appellant also raped A.W. the same night.

{¶15} The trial court imposed a 60-month sentence on each of the Unlawful Sexual Conduct with a Minor counts. The trial court ordered the terms be served consecutively to each other and consecutively to the Rape count, for a total, aggregate sentence of 36 to 41.5 years. In imposing the consecutive sentences, the trial court found that at least two of the multiple offenses were committed as part of one or more courses of conduct and that the harm Appellant caused to two separate juvenile victims was so great or unusual that no single prison term adequately reflected the seriousness of Appellant's conduct. The trial court found that Appellant caused both serious physical injury and long-term emotional injury to both victims. Appellant objected to the imposition of consecutive sentences.

{¶16} On July 14, 2025, the trial court issued its Judgment Entry of Sentence. The entry stated that consecutive sentences were necessary to protect the public from future crimes and to punish the offender. The trial court found, "for the reasons stated on the record," that "[c]onsecutive sentences are not disproportionate to the conduct of [Appellant] and to the danger he poses to the public." The trial court further found that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused was so great or unusual that no single prison term for any of the offenses was so great or unusual that no single prison term could adequately reflect the seriousness of Appellant's conduct. The trial court found that consecutive sentences were necessary to protect the public from future crimes by Appellant.

{¶17} Specifically, in its entry, the trial court found that Appellant

Case No. 2025-A-0044

sexually assaulted two different juveniles; the fifteen-year-old was assaulted multiple times, in multiple locations, over a period of several hours. [Appellant] started out by sexually assaulting the fifteen-year-old at his house. He then took the girl to his place of business and sexually assaulted the fifteen-year-old girl in his office. Thereafter, he got Tiara Babbitt and with her present and participating, he again sexually assaulted the fifteen-year-old in the food preparation room of his business. [Appellant] returned home with those two females and sexually assaulted the fifteen-year-old two more times and also raped the seventeen-year-old with the fifteen-year-old in the same bed. To impose any sentence that did not include consecutive sentences would allow [Appellant] to rape one juvenile and sexually assault the second juvenile five times with no additional penalty.

{¶18}  Appellant timely appealed, raising three assignments of error.

## II. Assignments of Error and Analysis

{¶19}  **Appellant's first assignment of error**: "The trial court committed reversible error and its imposition of consecutive sentences is contrary to law because the trial court failed to make the requisite statutory findings under R.C. 2929.14(C)(4) (T.d. 398, July 14, 2025, Judgment Entry; July 7, 2025, T.p. at 22)."

{¶20}  Appellant argues that the omitted findings were that (1) consecutive sentences were necessary to protect the public from future crime or to punish Appellant ("Protect or Punish"); and (2) consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and not disproportionate to the danger Appellant poses to the public ("Proportionality").

{¶21}  There are three ways an appellant can challenge consecutive sentences on appeal. First, the appellant may argue that the sentencing court failed to state the findings for consecutive sentences that R.C. 2929.14(C)(4) requires. *State v. Lautanen*, 2023-Ohio-1945, ¶ 84 (11th Dist.); R.C. 2953.08(G)(1). This Court's authority in that case is to remand for the findings to be made.

Case No. 2025-A-0044

{¶22} Second, an appellant may argue that the record clearly and convincingly does not support the findings the sentencing court made to justify consecutive sentences. R.C. 2953.08(G)(2)(a). Third, an appellant may argue that his sentence is clearly and convincingly otherwise contrary to law. R.C. 2953.08(G)(2)(b). In either of those situations, an appellate court may increase, reduce, otherwise modify consecutive sentences, or vacate them and remand for resentencing.

{¶23} "Ohio law presumes that a defendant convicted of multiple crimes will serve his sentences concurrently." *State v. Glover*, 2024-Ohio-5195, ¶ 38; R.C. 2929.41(A). A sentencing court is required to make three distinct findings in order to impose consecutive prison terms: "(1) that consecutive sentences are 'necessary to protect the public from future crime or to punish the offender'; (2) that consecutive sentences are 'not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public'; (3) 'and . . . also' that one of the circumstances described in subdivision (a) to (c) is present." *State v. Woofter*, 2019-Ohio-1166, ¶ 13 (11th Dist.), quoting R.C. 2929.14(C)(4).

{¶24} In making its findings for consecutive sentences, the sentencing court is required to engage in the analysis for consecutive sentencing and specify the statutory criteria warranting its decision. *State v. Bonnell*, 2014-Ohio-3177, ¶ 26. While the sentencing court is not required to state exact reasons supporting its findings, the record must contain a clear basis upon which a reviewing court can determine that the sentencing court's findings for imposing consecutive sentences are supported by the record. *Id*. at ¶ 27-28. "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing

hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at ¶ 37. However, the trial court is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.*

{¶25} In *State v. Jones*, 2024-Ohio-1083, the Ohio Supreme Court said that the "transcript of Jones's sentencing hearing clearly shows that the trial court made the findings necessary to impose consecutive sentences, and Jones has not demonstrated that those findings were not supported by the record." *Id.* at ¶ 15. For example, the trial court said that it was imposing consecutive sentences because it was necessary to protect the public from future crime, and the trial court cited appellant's prior arrest history, saying he had committed crimes "over and over again." *Id.* The trial court then said that a total 60-month sentence was "not disproportionate to the crime you have committed in this case" and that Jones had committed one or more of the offenses while awaiting trial or sentencing. *Id.*

{¶26} The Ohio Supreme Court concluded these statements "reflect a clear finding by the trial court that 'consecutive service is necessary to protect the public from future crime . . . and that consecutive sentences are not disproportionate to the seriousness of [Jones's] conduct and to the danger [he] poses to the public,' R.C. 2929.14(C)(4)." *Id.* at ¶ 16. Thus, while the trial court did not provide a talismanic incantation of the consecutive sentence findings, the trial court did address each of the required findings contained in R.C. 2929.14(C)(4). *Id.*

{¶27} In this case, at the resentencing hearing, the trial court found that at least two of the multiple offenses were committed as part of one or more courses of conduct

Case No. 2025-A-0044

and that the harm Appellant caused to the two separate victims was so great or unusual that no single prison term adequately reflected the seriousness of the offense.

{¶28}  To begin, the trial court's Judgment Entry of Sentence made all findings required under R.C. 2929.14(C). However, at the resentencing hearing, the trial court did not express the Proportionality findings or the Protect-or-Punish findings. Ohio Supreme Court precedent is clear: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) *at the sentencing hearing* and incorporate its findings into its sentencing entry . . . ." (Emphasis added.) *Bonnell*, 2014-Ohio-3177, at ¶ 37. There is no question that the trial court did not state all the necessary findings in the statute's language at the sentencing hearing. However, we recently addressed a trial court's consecutive-sentence findings in *State v. Parker*, 2025-Ohio-2113 (11th Dist.). There, the trial court did not state that the consecutive sentences were not disproportionate to the danger the defendant posed to the public. *Id.* at ¶ 23. Ultimately, we held that the omission of a full finding at the sentencing hearing did not render the consecutive sentences "contrary to law" because the trial court's consideration of the proportionality of the appellant's sentence can be, and was, demonstrated by the trial court's express consideration of circumstances that bore upon the nature and magnitude of the offenses. *Id.*, citing *State v. Arcuri*, 2016-Ohio-8254, ¶ 90 (11th Dist.).

{¶29}  Although the trial court did make all necessary consecutive sentence findings in its judgment entry of sentence, the first issue before us is whether the record at the sentencing hearing provides a clear basis upon which this Court can determine whether the trial court actually did make each of the required findings to impose consecutive sentences at that hearing. *Bonnell* at ¶ 37.

**"Protect or Punish"**

{¶30} The trial court reviewed in detail the underlying offenses and the events surrounding them. The trial court emphasized the severity of the offenses, noting that Appellant had gone "from one place to another, to another and having sex with this young girl at multiple locations during the night. And it was after he got back to the house that he added [A.W.] to the mix and that's when he raped [A.W.]." Arguably, these comments can be "construed as finding that consecutive sentences were necessary to protect the public from future crime and/or punish the offender." *See Volpi II* at ¶ 66; *Jones* at ¶ 16. In this case, the finding was, in fact, made.

**"Proportionality"**

{¶31} In *Parker*, 2025-Ohio-2113 (11th Dist.), the trial court did not state that the consecutive sentences were not disproportionate to the danger the defendant posed to the public. *Id.* at ¶ 23. Despite this failure, we held that it was "apparent the [trial] court engaged in the proper analysis, noting the extremely young age of Parker's children, the serious psychological harm they will continue to suffer, the likelihood of him committing these types of offenses in the future, and the disturbing nature of his offenses." *Id.* The trial court's failure to use the talismanic phrase contained in the statute did """not mean that the trial court failed to engage in the appropriate analysis and failed to make the required finding.""" *Id.*, quoting *State v. Chaney*, 2016-Ohio-5437, ¶ 11 (2d Dist.), quoting *State v. Hargrove*, 2015-Ohio-3125, ¶ 21 (10th Dist.). In other words, we held "the trial court's consideration of the proportionality of the appellant's sentence" can be "demonstrated by the [trial] court's findings of several factors rendering his conduct more serious." *Id.*, citing *Arcuri*, 2016-Ohio-8254, at ¶ 90 (11th Dist.).

{¶32} As in *Parker*, the trial court's consideration of proportionality of Appellant's sentence in the present case was demonstrated in several ways based on the trial record. The trial court noted that "there was both physical injury and long-term emotional injury to [A.W.] and [D.L.]" and that the conduct involved repeated acts of a raw sexual nature involving juvenile girls. Further, the trial court opined that concurrent sentences would be inappropriate because doing so would be "basically giving [Appellant] a coupon, that if he sexually assaults one juvenile, he gets the second one for free." At the sentencing hearing, Appellant's counsel argued that the sentences previously imposed were disproportionate to the seriousness of the offense or the risk to the community. He contended that "there's nothing in this case which is extraordinary to show that maximum or consecutive sentences would not be disproportionate. . . ." In response, the trial court rhetorically asked, "Isn't multiple victims in the same house on the same night somewhat extraordinary?" These statements indicate that, despite not specifically addressing proportionality in a talismanic sense, the trial court did consider the proportionality of the sentence imposed.

{¶33} Therefore, we conclude that the record demonstrates that the trial court made all necessary findings required to impose consecutive sentences.

{¶34} Appellant's first assignment of error is without merit.

{¶35} **Appellant's second assignment of error**: "The findings under R.C. 2929.14(C)(4) necessary to impose consecutive sentences are not supported by the record and Appellant's sentences are contrary to law. (T.d., July 7, 2025, T.p. at 22)."

Case No. 2025-A-0044

{¶36} Our standard of review on this issue is whether the record clearly and convincingly does not support the trial court's findings upon which it imposed consecutive sentences. It is a narrow scope of review.

{¶37} R.C. 2953.08(G)(2)(a) does not "direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings." *Glover*, 2024-Ohio-5195, at ¶ 43 (lead opinion). An appellate court may not premise its holding on a disagreement with an aggregate sentence, rather than its review of the trial court's findings and whether the record supports them. *Id.*

{¶38} Also, R.C. 2953.08(G) "does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings." *Id.* at ¶ 44. The appellate court "must examine the evidence in the record that supports the trial court's findings," and "it may modify or vacate the sentence only if it 'clearly and convincingly' finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings." *Id*. at ¶ 45, quoting R.C. 2953.08(G)(2)(a).

{¶39} Appellant challenges each element of the trial court's consecutive sentence findings. Appellant's arguments here focus largely on whether he presented a risk of future crime. However, we are mindful that the trial court may also impose consecutive sentences if it finds they are necessary to punish the offender.

{¶40} First, he argues that the record does not support a finding that consecutive sentences are necessary to protect the public from future crime or punish the offender because the record reflects that he is 68 years old and has no prior felony convictions.

The pre-sentence investigation demonstrated a low risk of reoffending and his classification as a Tier II sex offender with reporting requirements for the rest of his life mitigates the need for consecutive sentences.

{¶41} However, Appellant's need to register as a Tier II sex offender does not support his contention that he is a low risk to the public. Indeed, "[t]he express purpose of Ohio's sex-offender registration system is 'to protect the safety and general welfare of the people of this state' and to 'assur[e] public protection.'" *State v. John*, 2025-Ohio-2400, ¶ 48 (11th Dist.), quoting R.C. 2950.02(B), *appeal not accepted*, 2025-Ohio-4853. "The General Assembly found that '[s]ex offenders . . . pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention . . . .'" *Id.*, quoting R.C. 2950.02(A)(2). Given Appellant's conduct, we cannot say the trial court's findings emphasizing the severity of the offenses and that Appellant committed repeated offenses over several hours and in separate locations, were clearly and convincingly unsupported by the record.

{¶42} Second, Appellant argues that his sentences were disproportionate to any danger he poses and to the seriousness of his conduct, particularly given that his sentence on the Rape count alone is 11 to 16.5 years. However, as noted above, the scope of our review is not intended to consider whether a particular aggregate sentence is appropriate. *Glover*, 2024-Ohio-5195, at ¶ 43 (lead opinion). Rather, it is to review whether the record supports the trial court's findings in support of the consecutive sentences. The trial court's proportionality finding was grounded in Appellant's repeated offenses against multiple victims over the course of a single night. This finding was not clearly and convincingly unsupported by the record.

Case No. 2025-A-0044

{¶43} Third, Appellant argues that the record does not support the trial court's finding that the harm caused by his conduct was so great or unusual that no single prison term for the offenses would adequately reflect the seriousness of the conduct. He argues that the trial court mischaracterized the nature of the Unlawful Sexual Conduct with a Minor offense by repeatedly referring to Appellant's conduct as a "sexual assault." He further argues the trial court inappropriately conveyed a belief that all juveniles who are victims of sexual crimes endure permanent harm. He suggests that because D.L. was nearly 16 years old when Appellant committed the offenses and because the offenses occurred over the course of hours on a single evening, the nature of the harm suffered was much less great or unusual.

{¶44} The trial court's reference to the Unlawful Sexual Conduct with a Minor offense as "sexual assault" was not inappropriate. R.C. 2907.04 "contemplate[s] the harm stemming from the victim's inability to properly consent to the activity." *State v. W.R.*, 2015-Ohio-739, ¶ 12 (10th Dist.). Therefore, it can appropriately be categorized with "the sexual assault offenses contained in R.C. Chapter 2907." *Id.*

{¶45} Further, the record supports the trial court's finding that Appellant's actions caused great or unusual harm. D.L.'s mother made a statement to the trial court that D.L. experienced continuing emotional and psychological harm because of Appellant's actions. D.L. being almost 16 years old at the time of the offense does not minimize the harm that she endured. Indeed, at Appellant's first sentencing hearing on August 29, 2022, D.L.'s mother made a statement emphasizing the ongoing harm Appellant had caused. She said that D.L. had a panic attack before the sentencing hearing and was "vomiting . . . thinking about being in the same room with you. You're worried about a few

Case No. 2025-A-0044

years in prison. My daughter is going to suffer the rest of her life because you're selfish and you're predatory." D.L. also wrote a detailed victim impact statement her mother read at the sentencing hearing. In it, D.L. said that she continues to struggle with sleeping through the night, has frequent nightmares, and will wake up crying. D.L. said that her sense of safety was destroyed, she needed to be around others at all times for support, and she feared leaving the house. She said that she quit extracurricular activities out of embarrassment and shame. Further, as the trial court observed, Appellant supplied alcohol to both A.W. and D.L., and their intoxication played a part in Appellant's crimes. This also adds to the degree of harm that he caused.

{¶46} Based on the foregoing, we find that the trial court's consecutive sentences findings were not clearly and convincingly unsupported by the record in the case.

{¶47} In addition, relying on R.C. 2953.08(G)(2)(b), Appellant argues that the sentence the trial court imposed was contrary to law because the trial court imposed consecutive sentences based on the fact that there were multiple victims. Appellant argues that if the fact that separate crimes were committed against more than one victim "was alone sufficient grounds to order consecutive sentences, then there would be no need for the court to make the findings set forth in R.C. 2929.14(C)(4)." In support of this argument, Appellant cites *State v. Bunch*, 2005-Ohio-3309 (7th Dist.). There, the trial court had said that "*if you do two crimes you get two sentences*" and that to do anything other than to impose a consecutive sentence "would give you [a defendant] a free pass to commit all the crimes you like after you commit the first one." (Emphasis in original.) *Id.* at ¶ 187. The Seventh District cautioned that such a belief "is not a sufficient reason or justification for ordering consecutive sentences. Thus, on remand, the trial court must

not consider *this criteria* in determining whether consecutive sentences are appropriate." (Emphasis in original.) *Id.* However, *Bunch* involved a single victim subjected to multiple separate offenses. *Id.* at ¶ 4-11.

{¶48} By contrast, the fact that there were multiple victims of an offender's crimes may support both a finding that consecutive sentences are necessary to punish the offender and a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and that danger the offender poses to the public. *State v. Sparks*, 2024-Ohio-2362, ¶ 18-19 (8th Dist.). Indeed, this Court has specifically held that in cases involving multiple victims, who have each suffered emotional and psychological harm, it may be appropriate for an appellant to "be held accountable to these victims with consecutive sentences." *State v. Polizzi*, 2024-Ohio-142, ¶ 10 (11th Dist.).

{¶49} Therefore, it is not inappropriate on its face for the trial court to remark that imposing concurrent sentences would grant Appellant a coupon "that if he sexually assaults one juvenile, he gets the second one for free." This is especially true given the overall context of the offenses, which the trial court recited in detail at the sentencing hearing.

{¶50} Accordingly, Appellant's second assignment of error is without merit.

{¶51} **Appellant's third assignment of error**: "The trial court's imposition of an aggregate sentence of 36 years to 41.5 years imprisonment under the circumstances of this case amounts to cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution. (T.d. 398, July 14, 2025, Judgment Entry)."

{¶52} The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Amendment is applied to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666 (1962). "While Article I, Section 9 of the Ohio Constitution is similar to the Eighth Amendment to the United States Constitution, it also provides independent protection." *State v. Morris*, 2022-Ohio-4609, ¶ 7.

{¶53} "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69 (1964). "It is generally accepted that punishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." *Id.* Instances of cruel and unusual punishment are limited to sentences that would be shocking to any reasonable person and so greatly disproportionate to the offense as to shock the sense of justice of the community. *State v. Hairston*, 2008-Ohio-2338, ¶ 14. Further, for purposes of the Eighth Amendment and Article I, Section 9 of the Ohio Constitution, review should focus on the individual sentence. *Id.* at ¶ 20. The aggregate prison term does not form the basis of a claim for cruel and unusual punishment. *Id.*

{¶54} Because Appellant's individual sentences fall within the range of authorized penalties set forth in each of the statutes he was convicted of violating, they are not the kind of sentences that would be "grossly disproportionate or shocking to a reasonable

Case No. 2025-A-0044

person or to the community's sense of justice and do not constitute cruel and unusual punishment." *Hairston* at ¶ 23.

{¶55} Accordingly, Appellant's third assignment of error is without merit.

{¶56} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


MATT LYNCH, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-A-0044

## JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, Appellant's assignments of error are without merit. It is the judgment and order of this Court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0044